# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED by _____ D.C.

AUG - 1 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | |
|---|---|
| United States of America<br>v.<br>Fouad Sankis Dahdah<br><br>Defendant(s) | )<br>)<br>) Case No. 13-8357-DLB<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 14, 2013, to July 17, 2013** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§1029(a)(2) and 1029(a)(4) | Knowingly and with intent to defraud use one or more unauthorized access devices during any one-year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, and knowingly and with intent to defraud possess device-making equipment. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Charles Callahan, Special Agent, USSS
Printed name and title

Sworn to before me and signed in my presence.

Date: 8-1-13

_____
Judge's signature

City and state: West Palm Beach, Florida

United States Magistrate Judge Dave Lee Brannon
Printed name and title

# AFFIDAVIT
# OF
# SPECIAL AGENT
# CHARLES CALLAHAN
# UNITED STATES SECRET SERVICE

I, Charles Callahan, being duly sworn, depose and state:

1. I am a Special Agent with the United States Secret Service (USSS) and have been so employed since May, 2011. My current duties include investigating identity theft and the fraudulent use of access devices. Prior to joining the USSS, I spent fourteen (14) years as a police officer with the Jefferson Parish Sheriff's Department in Louisiana where I was most recently assigned to the Economic Crimes Unit.

2. The purpose of this affidavit is to establish that probable cause exists to believe that Fouad Sankis DAHDAH (hereinafter referred to as DAHDAH) did knowingly and with intent to defraud use one or more unauthorized access devices during a one-year period and by such conduct obtained anything of value aggregating $1,000.00 or more during that period, in violation of Title 18, United States Code, Section 1029(a)(2) and did knowingly and with intent to defraud had custody, control, and possession of device making equipment, in violation of Title 18, United States Code, Section 1029(a)(4). This affidavit is based on my personal knowledge and information provided to me by witnesses and other law enforcement officers. Moreover, the facts set forth herein do not constitute all the facts known to law enforcement in this matter, only those facts that I believe are necessary to support a finding of probable cause.

3. On May 16, 2013, a victim, "JP," filed a police report with the Palm Beach County Sheriff's Office in reference to fraudulent activity on his Visa debit card account. JP told law enforcement that between May 14, 2013, and May 15, 2013, an unknown subject used his Visa debit card number to make two ATM withdrawals without his authorization. The first

withdrawal took place on May 14, 2013, at approximately 8:06 p.m. from a Cardtronics ATM located within a Walgreens Store, located at 791 N.E. 167th St, North Miami Beach, Florida in the amount of three hundred and three dollars ($303.00). The second withdrawal took place on May 15, 2013, at approximately 3:51 p.m. from a Cardtronics ATM located within a CVS store located at 6651 N. Military Trail, Boca Raton, Florida in the amount of two hundred eighty-two dollars and ninety-five cents ($282.95). Video surveillance obtained from the CVS store shows DAHDAH entering the CVS store and using the ATM machine during the May 15, 2013, fraudulent transaction.

4. On May 28, 2013, a victim, "MT," filed a police report with the Broward County Sheriff's Office in reference to fraudulent activity on MT's Chase debit card account. MT told law enforcement that on May 28, 2013, two ATM withdrawals were made from MT's account at an ATM located within a Walgreens store located at 501 E. Sheridan St, Dania, Florida. The first withdrawal was at approximately 7:51 p.m. in the amount of three hundred dollars ($300.00) and the second withdrawal was at approximately 7:51 p.m. in the amount of two hundred dollars ($200.00). Video surveillance obtained from the Walgreens store shows DAHDAH entering the Walgreens store and using the ATM during the times of the reported fraudulent activity.

5. On July 3, 2013, a victim, "AP," filed a police report with the Delray Beach Police Department in reference to fraudulent activity on his checking account. AP told law enforcement that an individual from Wells Fargo bank contacted him about several questionable ATM withdrawals from his account using his debit card number. AP stated that there was a withdrawal on July 2, 2013, at approximately 5:45 p.m. from an ATM located at the Publix store located at 3775 W. Woolbright Rd, Boynton Beach, Florida in the amount of two hundred dollars ($200.00). Law enforcement officers obtained an audio sworn statement from the Publix

2

manager who explained that he had come outside to use the ATM. As he approached the ATM, he observed a white male wearing a dark colored baseball cap at the ATM on July 2, 2013, at approximately 5:45 p.m. He recognized the white male from a previous video surveillance he had copied for the Palm Beach County Sheriff's Office in reference to a criminal complaint about fraudulent ATM withdrawals which occurred at his store on June 28, 2013. The Publix manager followed the white male and observed him enter a gold Chevrolet van with attached Florida license plate 710 KRM. The Publix manager wrote the license plate number down on a piece of paper and contacted the Palm Beach County Sheriff's Office. The license plate number was given to Palm Beach County Sheriff's Office and the license plate was determined to be registered to DAHDAH.

6.  On July 12, 2013, a victim, "MG," filed a police report with the Delray Beach Police Department in reference to fraudulent activity on her debit card account. MG told law enforcement that she had been contacted by an individual from Wells Fargo bank in reference to an unknown subject attempting to use her debit card number. MG proceeded to research her account and observed a fraudulent ATM withdrawal which occurred on July 12, 2013, at approximately 6:16 p.m. from a Cardtronics ATM located within in a Walgreens store located at 1015 S. Federal Hwy, Delray Beach, Florida in the amount of three hundred dollars ($300.00). Video surveillance obtained from the Walgreens store shows a gold van matching the description of DAHDAH's van noted above entering the parking lot, DAHDAH exiting the van, walking across the parking lot, and entering the Walgreens store. The video surveillance further shows DAHDAH at the ATM during the reported time of the fraudulent activity reported by MG.

7.  On July 17, 2013, Boca Raton Police Department officers conducted mobile surveillance on DAHDAH starting from his residence located at 1800 S. Ocean Drive,

3

Hallandale Beach, Florida. During this surveillance, DAHDAH was observed leaving his garage in a black H2 Hummer with attached Florida license 750 LWD. Database checks determined that this license plate is also registered to DAHDAH. DAHDAH was observed driving to 224 N.W. 6th Ave, Hallandale, Florida and parking the Hummer. At that time, DAHDAH entered the gold Chevrolet van with attached Florida license plate 710 KRM noted above. DAHDAH drove the van to The Polo Club Shoppes located at 5050 Champion Blvd, West Boca Raton, Florida. DAHDAH parked the van on the east side of the Publix supermarket located in the Polo Club Shoppes and walked to the ATM located on the west side of the Publix. DAHDAH was observed at the ATM machine wearing a dark colored baseball cap, white tee shirt, jeans, and black shoes. Law enforcement observed DAHDAH conduct several ATM transactions at the ATM machine at approximately 3:39 p.m. Ultimately, DAHDAH was detained and found to be in possession of seven counterfeit access devices along with seven hundred forty dollars ($740.00) in U.S. currency. Research into the ATM transactions conducted at that ATM machine on that day revealed that DAHDAH had withdrawn seven hundred dollars ($700.00) from that ATM while observed by law enforcement. The account holders for the account numbers located on the counterfeit access devices used to conduct those ATM transactions were contacted by law enforcement and confirmed that DAHDAH did not have authorization to have their account numbers or to use their account numbers for any reason.

8. A search of DAHDAH's van conducted by the Palm Beach County Sheriff's Office resulted in the discovery of electrical tape, soldering gun, brackets, electrical test kits, a spool of electrical wire, and other equipment commonly associated with the installation of skimming devices used in making fraudulent access devices, as well as an I-Pad and a Garmin GPS.

9. Based upon the aforementioned facts, I respectfully submit that probable cause exists to believe that Fouad Sankis DAHDAH did knowingly and with intent to defraud use one or more unauthorized access devices during a one-year period and by such conduct obtained anything of value aggregating $1,000.00 or more during that period, in violation of Title 18, United States Code, Section 1029(a)(2) and did knowingly and with intent to defraud had custody, control, and possession of device making equipment, in violation of Title 18, United States Code, Section 1029(a)(4).

*FURTHER YOUR AFFIANT SAYETH NOT.*

Charles Callahan, Special Agent
United States Secret Service


Subscribed and sworn to before me,
this __1st__ day of August, 2013.

DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 13-8357-DLB

UNITED STATES OF AMERICA

vs.

FOUAD SANKIS DAHDAH,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:  _____
Jennifer C. Millien
Assistant United States Attorney
Florida Bar No. 171700
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
TEL: (561) 820-8711
FAX: (561) 805-9846